IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-00086-FL

| | |
|---|---|
| In re: ) | |
| ) | |
| James E. Cofield, Jr., ) | |
| ) | |
| Debtor, ) | |
| ) | |
| ) | |
| Cadles of Grassy Meadows II, LLC, ) | ORDER |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| James E. Cofield, Jr., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on appeal by plaintiff, from an order of the United States Bankruptcy Court denying its motion for summary judgment. See In re Cofield, Adversary Proceeding No. 12-00227-8-SWH, 2014 WL 879684 (Bankr. E.D.N.C. Mar. 5, 2014). The parties have submitted briefs on this appeal. In this posture, the issues raised are ripe for ruling. For the reasons discussed more specifically below, the court dismisses the appeal for lack of jurisdiction.

**BACKGROUND**

Defendant James E. Cofield, Jr. filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 17, 2011, which was converted to a Chapter 7 proceeding on April 6, 2012. (DE 2, see also DE 1-1). Plaintiff is the successor in interest to a third party that, in 1993, obtained a judgment (the "1993 judgment") against defendant in the state of Massachusetts. In that matter, defendant was found liable, following a jury trial, for conversion and unfair and deceptive trade

practices under Massachusetts law. (DE 16-1). The jury awarded $324,000.00 in damages to plaintiff's predecessor-in-interest. (Id.). The Massachusetts court doubled the amount owed by defendant under the Massachusetts Unfair and Deceptive Trade Practices Act, for a total of $648,000.00 in damages. (Id.).

Plaintiff initiated this adversary proceeding in the bankruptcy court on September 7, 2012, attaching to its complaint a copy of the 1993 judgment. (DE 2-1 & ex. A). Plaintiff alleges it is owed $2,031,048.00. (DE 2-3 ex. A). This total includes the $648,000.00 awarded in the 1993 judgment as principal. (Id.). It also includes $1,383,048.00 in interest, as of March 16, 2011. (Id.). Interest is compounded at a rate of 12% per annum, which yields a daily rate of $216.00. (Id.).

In its complaint, plaintiff sought a declaration, as pertinent here, that the obligation imposed by the 1993 judgment, as well as the interest owed, is nondischargable pursuant to 11 U.S.C. § 523(a)(6) because the obligation was incurred as a result of willful and malicious injury caused by defendant. (Id.).[1] Plaintiff moved the bankruptcy court for summary judgment on July 11, 2013, on the issue of dischargability. (DE 2-4).

Plaintiff first argued the jury's finding of conversion collaterally estopped defendant from relitigating willful and malicious injury. Plaintiff next argued that the finding of liability under the Massachusetts Unfair and Deceptive Trade Practices Act also prevented relitigation of willful and malicious injury.

The bankruptcy court entered an order denying summary judgment on plaintiff's section 523(a)(6) claim on March 5, 2014. (DE 1-1). In its order, the bankruptcy court determined

---

[1] Section 523(a)(6) provides "A discharge under section 727, 1141, 1128(a), 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for wilful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

summary judgment was not warranted because the issue of willful injury had not been previously litigated. The bankruptcy court examined three possible grounds for collateral estoppel. First, the bankruptcy court determined the facts required for a finding of conversion under Massachusetts law did not require the jury to find the same facts necessary to establish willful injury. (DE 1). Next, the bankruptcy court addressed the Unfair and Deceptive Trade Practices Act claim. Again, the court found that the findings of fact required to establish liability under that statute were not identical to the facts necessary to establish willful and malicious injury. (Id.). Finally, the bankruptcy court determined that the Massachusetts court's decision to double plaintiff's predecessor's damages under the statute did not establish the facts necessary to show willful and malicious injury under federal bankruptcy law. Accordingly, the bankruptcy court held further proceedings were required to determine if the conduct underlying the 1993 judgment was willful and malicious. (Id.). Plaintiff's appeal followed.

## DISCUSSION

Plaintiff argues on appeal that summary judgment is warranted on the basis of collateral estoppel, because the 1993 judgment of conversion precludes relitigation of the facts required to establish willful and malicious injury. (DE 14). Defendant argues this court lacks jurisdiction to hear this appeal, and in any event, that the appeal is without merit. The court agrees with defendant that it lacks jurisdiction, and thus dismisses the appeal.

This court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C § 158(a)(1). Additionally, "with leave of court, [this court has

jurisdiction to hear appeals] from other interlocutory orders and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(3).[2]

Plaintiff argues that the decision of the bankruptcy court is reviewable as a final order, in the nature of a collateral order, pursuant to Cohen v. Beneficial Industrial Loan Corp, 337 U.S. 541 (1949). "[A]n order is 'final' . . . if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Carefirst of Md.. Inc. v. Carefirst Urgent Care Ctr., LLC (*In re* Carefirst of Md., Inc.), 305 F.3d 253, 255 (4th Cir. 2002) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). "Denials of summary judgment are not final orders and are, thus, not appealable absent leave of court." Hensley v. Horne, 297 F.3d 344, 347 (4th Cir. 2002). However, there is a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause [of action] itself to require that appellate consideration be deferred." Cohen, 377 U.S. at 546. The bankruptcy court's order does not fall into that small category of immediately appealable, collateral orders.

In certain circumstances, denial of summary judgment is appealable under the collateral orders doctrine. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). In Mitchell, the Supreme Court held denial of defendant's motion for summary judgment, in a case in which a qualified immunity defense is asserted, warrants immediate appellate review under 28 U.S.C. § 1291. Id. The purpose of immediate appellate review is "to avoid subjecting government officials either to the

---

[2] Plaintiff did not file a motion for leave to appeal as is required for interlocutory appeals. 28 U.S.C. § 158(a); see also Fed. R. Bankr. P. 8003(a). "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed." Id. 8003(c). "The district court . . . may also deny leave to appeal." Id. However, in denying leave to appeal, this court must construe plaintiff's notice of appeal as a motion for leave to appeal and consider it as such. Id.

4

costs of trial or to the burdens of broad-reaching discovery, in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Id. at 526 (citations and internal quotations omitted). However, the instant case is distinguishable from one involving qualified immunity.

A collateral order is an issue "completely separate from the merits" of a case. Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994); see also Gold v. Guberman (*In re* Computer Learning Ctrs., Inc.), 407 F.3d 656, 662 (4th Cir. 2005) ("[I]nterlocutory orders of the bankruptcy court are appealable if they conclusively determine a disputed question, resolve an important issue completely separate from the merits of an action, and are effectively unreviewable on appeal from a final judgment." (citations and alterations omitted)). Here, plaintiff's theory of the case is collateral estoppel. This theory is necessarily bound-up with the merits, as it requires intense scrutiny of the facts found in the underlying action and subsequent comparison of those facts to the elements required to establish willful and malicious injury under the bankruptcy code. This is distinguishable from an issue like qualified immunity, where review is warranted because of the important policy considerations of avoiding burdensome discovery and costly litigation for government officials. Thus, the bankruptcy court's denial of summary judgment is not a collateral order.

Plaintiff also argues that the bankruptcy court's order is final because it "guts" plaintiff's case and requires substantial additional proceedings. However, an order does not become collateral, and thus reviewable, simply because it has an adverse effect on one party's litigation strategy. See Mohawk Indus. v. Carpenter, 558 U.S. 100, 109-10 (2009) (denying review for improperly disclosed attorney-client privileged information); Digital Equip. Corp., 511 U.S. at 869-71 (denying collateral

5

review of a district court order, which declined to enforce a settlement agreement that would have disposed of the litigation); Coopers & Lybrand v. Livesay, 437 U.S. 463, 469-77 (1978) (holding district court refusal to certify class action was not a collateral order subject to immediate appellate review). In Coopers & Lybrand, for example, the Supreme Court held that "the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for" allowing collateral review. Id. at 477. The same is true here. While the bankruptcy court's order denying summary judgment may signal to plaintiff the "death knell" of its complaint by evidencing a small likelihood of success on the merits, that alone is insufficient to establish the finality of the bankruptcy court's order. Id. at 476. Thus, this court cannot review the bankruptcy court's order under the collateral orders doctrine.

Where the bankruptcy court's order is not a final order, the court turns next to consider whether the bankruptcy court's order is reviewable as an interlocutory order. When evaluating a motion for leave to appeal an interlocutory order of a bankruptcy court, the court considers the same factors used by a circuit court in determining whether to accept an interlocutory appeal in a civil proceeding. See, 28 U.S.C. § 158 (c)(2) ("An appeal under subsection[] (a) . . . shall be taken in the same manner as appeals in civil proceedings generally."); In re Wallace & Gale Co., 72 F.3d 21, 25 (4th Cir. 1995) ("[T]he decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion."); KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D. Va. 2000); Chmil v. Rulisa Operating Co. (*In re Tudor Assocs., LTD., II*), 64 B.R. 656, 659-60 (E.D.N.C. 1986) (applying 1292(b) when evaluating jurisdiction over an appeal of an interlocutory bankruptcy order).

Section 1292(b) requires the concurrent satisfaction of three prerequisites before leave to appeal an interlocutory order may be granted. The appeal must (1) "involve[] a controlling question of law;" (2) over "which there is substantial ground for difference of opinion;" and (3) granting "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The procedural requirements for granting interlocutory appeal "are to be strictly construed and applied." N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (citing Myles v. Laffitte, 881 F.2d 125, 126-27 (4th Cir. 1989))."[P]iecemeal review of decisions that are but steps toward [a] final judgment[] on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgment[]." James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993).

Plaintiff's appeal must be dismissed because it does not raise a controlling question of law over which there is substantial ground for difference of opinion. In this case, plaintiff seeks a declaration that the debt created by the 1993 judgment is nondischargable. A nondischargable debt is one that flows from a willful and malicious injury. 11 U.S.C. § 523(a)(6). A willful injury is "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Malice means the injury was committed "deliberately and intentionally in knowing disregard of the rights of another." First Nat'l Bank of Md. v. Stanley (In re Stanley), 66 F.3d 664, 667 (4th Cir. 1995).

The issue presented by this case is whether collateral estoppel applies, such that the 1993 judgment, which established defendant's liability for conversion, serves to establish "willful and malicious injury" under section 523(a)(6). To determine whether collateral estoppel applies, the

court must apply the law of Massachusetts, the state in which the judgment was rendered. <u>Marrese v. Am. Acad. of Ortho. Surgeons</u>, 470 U.S. 373, 380 (1985).

Under Massachusetts law, collateral estoppel precludes relitigation of previously established issues if: (1) there is a final judgment on the merits in a prior adjudication; (2) the party against whom estoppel is asserted was a party, or in privity with a party, to the prior litigation; (3) the issue decided in the prior adjudication was identical to the issue presented in the current litigation; and (4) the issue was essential to the judgment in the prior adjudication. <u>Alba v. Raytheon Co</u>, 441 Mass. 836, 842 (2004). Elements one and two are not in dispute. As relevant here, the bankruptcy court's order denying summary judgment found element three was not met. <u>In re Cofield</u>, Adversary Proceeding No. 12-00227-8-SWH, 2014 WL 879684, at * 4 (Bankr. E.D.N.C. Mar. 5, 2014)

In particular, the bankruptcy court determined that proof of conversion and proof of willful and malicious injury require different essential facts. On appeal, plaintiff argues the bankruptcy court applied an erroneous definition of conversion. However, there is not a substantial ground for difference of opinion among courts on that definition. In fact, under well-established principles of Massachusetts law, conversion requires findings different from willful injury under federal bankruptcy law.

In Massachusetts, conversion is an intentional tort. It requires an "intentional act of dominion" over the personal property of another. <u>Spooner v. Manchester</u>, 133 Mass. 270, 273-74 (1882); <u>see also</u> <u>Third Nat'l Bank of Hampden Cnty. v. Continental Ins. Co.</u>, 388 Mass. 240, 244 (1983) (citing Restatement (Second) of Torts, § 222A). The Restatement of Torts, Section 222A, defines conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay

the other the full value of the chattel." Restatement (Second) of Torts § 222A. Thus, conversion requires only an intentional act that leads to injury, not an intentional injury. See, e.g., Damon v. Hukowicz, 964 F. Supp. 2d 120, 141-42 (D. Mass. 2013); Gouin v. Gouin, 249 F. Supp. 2d 62, 76 (D. Mass. 2003); Third Nat'l Bank, 388 Mass. 240, 244 (1983); Spooner, 133 Mass. at 273-74.

For example, the Second Restatement of Torts provides the following illustrations:

> 1. On leaving a restaurant, A by mistake takes B's hat from the rack, believing it to be his own. When he reaches the sidewalk A puts on the hat, discovers his mistake, and immediately re-enters the restaurant and returns the hat to the rack. This is not a conversion.
>
> 2. The same facts as in Illustration 1, except that A keeps the hat for three months before discovering his mistake and returning it. This is a conversion.

Restatement (Second) of Torts § 222A, illus. 1 & 2. Illustration Two highlights the legal principles at play in this case. It is not necessary that A have intent to *harm* B to hold A liable for conversion. Instead, the law provides A is liable for conversion merely because he had the intent *to take the hat*. While A's actions may have caused B harm, liability is predicated on the actions themselves.

This definition of conversion stands in contrast to the requirement that a willful injury be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau, 523 U.S. at 61. While the requirement of a "willful and malicious injury" may be met by tortious conduct, it requires that the debtor have "desired []or in fact anticipated" the injury. Kawaauhau, 523 U.S. at 62; see, e.g., Combs v. Richardson, 838 F.2d 112, 116-17 (4th Cir. 1988); Scott v. Metro. Health Corp., No. 5:12-CV-383-F, 2013 WL 4520264, at *9 (E.D.N.C. Aug. 23, 2013) (holding a debt nondischargable when "the [underlying] opinion[] contain[ed] ample findings of fact related to [the debtor's] subjective intent" to cause injury).

In Combs, for example, the Fourth Circuit determined that the defendant was collaterally estopped from litigating "willful and malicious injury" when a jury awarded plaintiff punitive damages in an earlier action for tortious assault. Id. The trial court had instructed the jury that "to find punitive damages in this case, it's necessary that you find that the Defendant not only committed assault, but did so with malice." Id. at 117. The applicable law of malice invited the jury to determine that the defendant had not simply intended to perform the acts constituting assault, but that the defendant "desired" or "in fact anticipated" the resulting harm. See, id. See generally, Kawaauhau, 523 U.S. at 62. The court of appeals noted that, while punitive damages do not automatically render a debt nondischargable, the jury instructions in the underlying state case had so closely tracked the federal standard for nondischargability that the defendant's desire to injure had been actually litigated. Combs, 838 F.2d at 117. Here, however, the Massachusetts law of conversion does not require, and the jury did not find, any facts relating to defendant's desire to injure. Therefore, the court finds there is no substantial ground for difference of opinion on this controlling question of law. Defendant is not collaterally estopped from litigating the issue of "willful and malicious injury" merely on the basis of the 1993 judgment of conversion.

In sum, because all three requirements must be satisfied before interlocutory appeal is granted, see 28 U.S.C. § 1292(b), and because one is not satisfied, the court declines to grant plaintiff's motion for leave to appeal. Accordingly, the court does not reach the merits of plaintiff's appeal.

## CONCLUSION

The court CONSTRUES plaintiff's notice of appeal as a motion for leave to appeal. Upon review of plaintiff's motion, the court DENIES plaintiff's motion for leave to appeal for the reasons stated herein. Plaintiff's appeal accordingly is DISMISSED for lack of jurisdiction.

SO ORDERED, this the 24th day of November, 2014

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge